# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARK ALLEN FANDEL,<br><br>   Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C13-3046-LRR<br>No. CR12-3009-LRR<br><br>ORDER |

This matter appears before the court on Mark Allen Fandel's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Mark Allen Fandel ("the movant") filed such motion on August 29, 2013. On October 8, 2013, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 3).[1] On October 17, 2013, the movant filed a memorandum in support of his claims (civil docket no. 6). On November 8, 2013, counsel filed an affidavit (civil docket no. 7). On December 9, 2013, the government filed a resistance (civil docket no. 8). On January 9, 2014, the movant filed a reply (civil docket no. 10). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

Given the record, the court concludes that an evidentiary hearing is not necessary. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is

---

[1] The motion pursuant to 28 U.S.C. § 2255 raises three claims: (1) the government breached its promise to file a Federal Rule of Criminal Procedure 35(b) motion; (2) counsel failed to challenge the application of USSG §4B1.1 because he did not have the requisite predicate offenses for career offender purposes; and (3) counsel failed to seek the suppression of evidence acquired as a result of the use of a GPS tracking device on a car.

given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255). In addition, the court deems it appropriate to deny the movant's motion under 28 U.S.C. § 2255 for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that nothing required it to file a motion under Federal Rule of Criminal Procedure 35(b) and that counsel's assistance to the movant exceeded constitutional requirements. Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).

Given the record, which includes but is not limited to the Rule 11 letter, the parties' plea agreement, the report and recommendation to accept guilty plea, the waiver of objections to the report and recommendation, the order accepting the report and recommendation, the offense conduct statement, the objections to the pre-sentence investigation report, the final pre-sentence investigation report, the parties' sentencing memoranda, the sentencing hearing transcript and the affidavit of counsel, the court concludes that none of the movant's claims entitle him to relief under 28 U.S.C. § 2255. There is no basis to conclude that the government breached the plea agreement, which provided the government with substantial discretion as to whether it would move to reduce the movant's sentence. During the sentencing hearing, the movant received a large reduction for his cooperation in his own case as well as his substantial assistance with respect to unrelated state court proceedings. Contrary to the movant's assertion, the

sentencing hearing transcript indicates that the five level reduction under USSG §5K1.1 took into account the movant's substantial assistance in unrelated state court proceedings, and the government never promised the movant that he would receive additional consideration pursuant to Federal Rule of Criminal Procedure 35(b) for any additional assistance that he might provide with respect to the unrelated state court proceedings. It also indicates that the movant decided early on to cooperate as to all matters so that he could receive the largest reduction possible at the time of sentencing and that the movant was grateful for the extent of the reduction that the government proposed. Because the record belies the movant's contentions, the court finds that no prosecutorial misconduct occurred.

As to his other claims, no violation of the movant's constitutional right to effective assistance of counsel occurred. It is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel made strategic decisions that tremendously benefitted the movant. Indeed, by pleading guilty to the lesser included offense of distributing 50 grams or more of methamphetamine and deciding to cooperate, the movant avoided the mandatory minimum twenty-year sentence under 21 U.S.C. § 841(b)(1)(A) and received a sentence more than forty percent below the advisory sentencing guideline range.

The movant's assertions regarding the determination that he qualified as a career offender under USSG §4B1.1 and USSG §4B1.2 and the suppression of evidence are baseless. Because the movant had three qualifying predicate offenses and he has a substantial criminal history, counsel appropriately withdrew objections and refrained from making arguments related to the movant's status as a career offender. The facts and the law supported a career offender finding, and it was important to preserve a reduction for acceptance of responsibility and to be able to credibly ask for a sentence at the low end of the applicable advisory sentencing guideline range. Likewise, neither the facts nor the law suggest that counsel should have pursued a motion regarding the Fourth Amendment. So,

it is clear that counsel made informed decisions, and, as such, they are not subject to second guessing.

Further, it cannot be said that counsel's performance prejudiced the movant's defense. *Id*. at 692-94. Nothing counsel did or failed to do would have changed the outcome. The sentence that the movant received is reasonable and appropriate, especially considering that the movant could have faced a mandatory life sentence if the government filed a second notice under 21 U.S.C. § 851. Based on the foregoing, the movant's motion pursuant to 28 U.S.C. § 2255 shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the

4

constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

2) A certificate of appealability is denied.

**DATED** this 29th day of July, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA